# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

No. 10-20626

Lyle W. Cayce
Clerk

PARTNERS LENDING AUTO GROUP, L.L.C., doing business as Auto Financial Group; DEDE MURCER-MOFFETT; RICHARD EPLEY,

Plaintiffs - Appellants Cross-Appellees

v.

LEEDOM FINANCIAL SERVICES, L.L.C.; LEEDOM & ASSOCIATES, L.L.C.; CHRIS LEEDOM; LEEDOM MANAGEMENT GROUP, INCORPORATED,

Defendants - Appellees Cross-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1450

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from an award of attorney's fees to Leedom Financial Services, L.L.C. ("Leedom Financial") on its counterclaim for breach of a settlement agreement by Partners Lending Auto Group, L.L.C. ("Partners"). In challenging the final award of attorney's fees, Partners alleges that the district court erred in finding that Partners breached the agreement. Partners also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that Leedom Financial failed to plead and prove presentment of its claim as required to recover fees under Chapter 38 of the Texas Civil Practices and Remedies Code ("Chapter 38"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001, 38.002 (Vernon 2008). Leedom Financial cross-appeals, alleging that the district court erred in failing to award attorney's fees for (1) work done by Leedom Financial's in-house counsel and (2) for a thirty-day time period following Leedom Financial's presentment to Partners of its claim that Partners breached the agreement. Leedom Financial also asks us to remand so that the district court may determine its entitlement to appellate attorney's fees. Ultimately, we hold that Partners waived any arguments relating to the underlying breach determinations. We further conclude that Leedom Financial met the requirements of Chapter 38 and was therefore entitled to attorney's fees. However, we conclude that the district court erred in failing to award Leedom Financial fees for the thirty-day period following presentment and agree that Leedom Financial is entitled to have the district court decide its appellate attorney's fees on remand. Therefore, we reverse and remand for further proceedings in accord with this opinion.

## I. Facts and Procedural History

On February 15, 2010, Partners and Leedom Financial entered into a settlement agreement following a contract dispute that spawned parallel proceedings in Texas and Florida and an arbitration before the American Arbitration Association ("AAA"). The settlement agreement provided that the parties would release all claims in exchange for Leedom Financial's payment to Partners of a total of $400,000. The first payment of $250,000 was to be made within twenty-four hours of receipt of a completed, signed agreement. Leedom Financial was to then make four installment payments of $37,500, commencing on March 15, 2010. The settlement agreement contained a "time is of the essence" clause as to all payments.

No. 10-20626

Leedom Financial paid the first $250,000 in accordance with the agreement. Partners does not dispute that Leedom Financial also initiated the wire transfer of the first installment payment on March 15th. However, Partners did not receive the payment until the morning of March 16th. Partners returned the payment by check, alleging that Leedom Financial breached the settlement agreement by tendering a late payment. Partners subsequently filed a motion to compel arbitration in Texas state court and emailed the AAA requesting reinstatement of the arbitration proceedings. Leedom Financial filed a motion to stay the arbitration and a motion for the immediate return of the $250,000 in settlement funds.

On April 15th, Partners filed an amended petition in its Texas lawsuit, and that lawsuit was subsequently removed to the United States District Court for the Southern District of Texas. After removal, Leedom Financial filed a counterclaim for breach of the settlement agreement. Leedom Financial and Partners both filed motions for summary judgment. The district court found that Leedom Financial had not breached the settlement agreement, but Partners had breached the agreement by attempting to reinitiate arbitration. The district court stated that "[t]he most efficient resolution of this dispute for all parties concerned is for the parties to continue abiding by the Agreement they signed in February." The district court also granted Leedom Financial's request for attorney's fees, but asked the parties to agree to a reasonable award. When the parties could not reach an agreement as to the obligations imposed on each party by the settlement agreement and the district court's order, Leedom Financial filed a motion for attorney's fees and for final judgment.

The district court conducted a hearing on Leedom Financial's motion. Following that hearing, the district court entered a final judgment pursuant to the parties' joint stipulation dismissing all claims and counterclaims of each party with prejudice except for Leedom Financial's claim for attorney's fees. The

No. 10-20626

final judgment order stated that Leedom Financial was entitled to attorney's fees on its counterclaim because Partners breached the settlement agreement. However, the court only awarded fees for work done after May 5, 2010, thirty days after the court found that Leedom Financial presented its claim for breach of the agreement to Partners. Both parties appealed the final judgment.

## II. Jurisdiction and Standard of Review

In this diversity case, we apply state substantive law, but federal procedural law. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). The settlement agreement provides, and the parties do not dispute, that Texas law governs the agreement.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). The Texas Supreme Court has stated that the availability of attorney's fees under a particular statute is a question of law subject to de novo review. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Walker Int'l Holdings, Ltd.*, 415 F.3d at 416 (citing *Holland*); *accord Leon, Ltd. v. Albuquerque Commons P'ship*, 862 S.W.2d 693, 708 (Tex. App.—El Paso 1993, no pet.) ("Whether attorney's fees are authorized in a particular case is a question of law to be determined by the court."). We have stated that "[u]nder Texas law, there is discretion to determine the amount of the attorneys' fee award, but an award of reasonable fees is mandatory if a party prevails in a breach of contract case and there is proof of reasonable fees." *DP Solutions, Inc.*, 353 F.3d at 433; *see also Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 341 (5th Cir. 2008) ("The district court's award of attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code is also reviewed for abuse of discretion. However, findings of fact regarding the reasonableness of attorney's fee awards are reviewed for clear error.").

No. 10-20626

## III.  Discussion

### 1. Underlying Summary Judgment Order

Partners argues that the district court erred in finding that it breached the settlement agreement after Leedom Financial allegedly rendered an untimely payment.  A review of the record reveals that Partners stipulated that the only issues preserved for appeal were whether Leedom Financial presented its claim to Partners as required by Chapter 38 and the reasonableness of the district court's attorney's fee award.  We will not review Partners's waived arguments that the district court erred in awarding summary judgment to Leedom Financial on its counterclaim under the guise of reviewing the propriety of the attorney's fee award.  *See generally McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1337 n.9 (5th Cir. 1995) ("The parties stipulated before trial that standing was the only issue before the bankruptcy court.  A stipulation of issues at trial binds the parties on appeal." (citation omitted)); *Bridgeport Tank Trucks v. Lien Agent (In re EnRe LP)*, 457 F.3d 493, 494 n.1 (5th Cir. 2006) (holding that the issue of whether the appellant could recover fees under 11 U.S.C. § 502 was waived, as "all parties stipulated that 'the only remaining legal issue [is] the proper interpretation and application of 11 U.S.C. 506(b)'"); *SeaQuest Diving LP v. S & J Diving Inc. (In re SeaQuest Diving LP)*, 579 F.3d 411, 425-26 (5th Cir. 2009) (finding that an argument for remand based on material fact issues was waived because a party stipulated before the bankruptcy court that there were no genuine issues of material fact).

### 2. Leedom Financial's Attorney's Fee Award

Partners appeals the district court's award of attorney's fees to Leedom Financial pursuant to Chapter 38,[1] which provides that "[a] person may recover

---

[1] "Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute."  *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).  Leedom Financial pleaded its entitlement to attorney's fees

No. 10-20626

reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008). Specifically, Partners argues that Leedom Financial failed to plead and prove presentment of its claim to Partners, citing Texas cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008) ("To recover attorney's fees under this chapter: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party . . .; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented."); *see also Smith v. United Nat'l Bank-Denton (In re Smith),* 966 F.2d 973, 978 (5th Cir. 1992) (citing Texas case law holding that a party must prove presentment); *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) (stating that a party must plead and prove presentment and lack of performance under the predecessor statute to Chapter 38); *Llanes v. Davila*, 133 S.W.3d 635, 640-41 (Tex. App.—Corpus Christi 2003, pet. denied).[2]

The Texas Supreme Court has stated that the purpose of the presentment requirement of Chapter 38 "is to enable the debtor to pay the claim within the thirty days and avoid liability for attorney's fees." *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 936 (Tex. 1983); *accord Busch v.*

pursuant to Chapter 38.

[2] Partners did not challenge the reasonableness of the amount of the attorney's fee award in its briefing to this court. We also note that Texas courts have held that to recover attorney's fees under Chapter 38, a party must: "(1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *See Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (holding that because a jury awarded no damages despite finding breach of a subcontract, the prevailing party was not entitled to recover attorney's fees under Chapter 38). Partners has never argued that Leedom Financial failed to show either that it prevailed or that it recovered damages on its counterclaim. Thus, we do not consider whether Leedom Financial met those two requirements. *See LeMaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

*Hudson & Keyse, LLC*, 312 S.W.3d 294, 300 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "No particular form of presentment is required." *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981) (noting that several forms of presentment have been held sufficient, including oral and written demands and requests for admissions; holding that a letter and telephone conversation sufficed as a matter of law). The presentment also does not have to include an amount owed. *Ferch v. Baschnagel*, No. 03-04-00605-CV, 2009 Tex. App. LEXIS 1006, at \*37 (Tex. App.—Austin Feb. 13, 2009, no pet.) (mem. op.) (citing *Stewart Title Guar. Co. v. Aiello*, 911 S.W.2d 463, 474 (Tex. App.—El Paso 1995), *aff'd in part*, *rev'd on other grounds*, 941 S.W.2d 68 (Tex. 1997), and *Arch Constr., Inc. v. Tyburec*, 730 S.W.2d 47, 50 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)). "[A]ll that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim." *Thomas v. Goodman*, No. 04-07-00531-CV, 2008 Tex. App. LEXIS 4933, at \*11-12 (Tex. App.—San Antonio July 2, 2008, pet. denied) (mem. op.) (quoting *Standard Constructors, Inc. v. Chevron Chem. Co., Inc.*, 101 S.W.3d 619, 627 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

Turning to the case before us, we first reject Partners's argument that Leedom Financial cannot recover attorney's fees because Leedom Financial failed to properly plead presentment and failure to tender performance. Although Leedom Financial did not specifically plead these two elements in its answer and counterclaim, it stated that it was entitled to judgment for reasonable and necessary attorney's fees pursuant to Chapter 38. The issue of pleading—as distinguished from the substantive requirement of presentment—is a question of federal procedure governed by federal, not Texas, law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). We have previously found that even though a party failed to cite Chapter 38 in its amended complaint, it may still recover fees under that statute

if it clearly presented a claim for attorney's fees. *Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d 1485, 1501 (5th Cir. 1992); *cf. Cirrus Prod. Co. v. Clajon Gas Co.*, L.P., No. 92-6357, 1993 U.S. App. LEXIS 11629, at \*9 (10th Cir. May 10, 1993) (unpublished) (concluding "as a matter of substantive Texas law that so long as a claimant prevails on a claim that would support the award of fees under section 38.001 and proves compliance with the requirements of section 38.002, he is entitled to an award of attorney fees, regardless of whether he properly pled compliance with the requirements of section 38.002"). Because Leedom Financial cited Chapter 38 as the basis for its pleaded claim for attorney's fees, we conclude that this is a sufficient pleading if Leedom Financial in fact proved presentment of the claim and failure to tender performance.

Turning to the substantive presentment issue, we conclude that the district court did not err in finding that an email sent from in-house counsel for Leedom Financial to Partners met the presentment requirement.[3] The email stated that Partners failed to comply with the settlement agreement by continuing to pursue its lawsuit against Leedom Financial in Texas state court. *See Aegis Ins. Holding Co., L.P. v. Gaiser*, No. 04-05-00938-CV, 2007 Tex. App. LEXIS 2364, at \*49 (Tex. App.—San Antonio 2007, pet. denied) (mem. op.) (noting that a party properly presented its claim, as the record showed that the party made numerous oral and written demands for compliance with an agreement). Further, the email stated that if Partners did not stop its pursuit of the lawsuit in Texas, Leedom Financial would be forced to move appropriately. *See Standard Constructors, Inc.*, 101 S.W.3d at 627 (stating that

---

[3] We reject Partners's argument that the district court erred in considering this email as evidence of presentment. Although the email was not presented to the court until the hearing on Leedom Financial's motion for attorney's fees, Partners failed to cite any authority for the proposition that the district court could not consider that evidence because Leedom Financial did not provide it during the underlying summary judgment proceedings. We find no abuse of discretion in the district court's consideration of this evidence, and Partners has not established any harm as a result.

presentment must include assertion of the debt or claim and a request for compliance); *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 n.3 (Tex. App.—Austin 1991, no pet.) (stating that, at a minimum, presentment must consist of a demand or request for payment). Although the email stated that it was being sent pursuant to Florida procedural rules, the email mentioned Partners's lawsuit in Texas. We conclude that this email satisfied the purpose of the presentment requirement. Partners does not refute that it failed to tender performance within thirty days of the date of the email. Thus, Leedom Financial was entitled to its reasonable attorney's fees.

### 3. Leedom Financial's Cross-Appeal

Leedom Financial presents two issues on cross-appeal: (1) the district court erred in failing to award attorney's fees for the thirty-day time period after presentment; and (2) the district court erred in not awarding fees for work performed by Leedom Financial's in-house counsel. Leedom Financial also asks us to remand this case to the district court so that the district court may determine its entitlement to attorney's fees for this appeal.

As to the first issue, we determine that the district court erred in holding that Leedom Financial could not recover attorney's fees incurred during the thirty-day period following presentment.[4] The district court was correct that the purpose of the presentment requirement was to allow a party to avoid liability for attorney's fees by curing within thirty days. However, neither Texas case law nor Section 38.001 indicates that, once a party fails to tender performance, it does not then become liable for all reasonable attorney's fees necessarily incurred in the prosecution of the claim. Although we have not found a Texas case speaking specifically to this issue, Texas courts have awarded attorney's fees for that interim period. For example, in *Welch v. Hrabar*, 110 S.W.3d 601,

---

[4] We note that Partners did not directly respond to this argument, but rather argued that the district court's award was reasonable.

No. 10-20626

610-11 (Tex. App.—Houston [14th Dist.] 2003, pet. denied), the court awarded attorney's fees to the appellant based on testimony from the appellant's attorney that he worked forty hours on the case and typically charged $150 per hour. The attorney testified that at least thirty days before going to court, the attorney sent a certified letter to the appellee demanding payment of the bill, but payment was not received. *Id.* at 610. The court found that the elements of Chapter 38 were met and awarded attorney's fees of $6,000, thereby seemingly compensating the attorney for all of the hours he spent on the case. *Id.* at 611. Although not specifically stating that the attorney received fees for work performed during the thirty days after presentment, the final award seems to encompass that work.

Turning to the issue of fees for in-house counsel, we conclude that Leedom Financial waived its claim for such fees. During the hearing on attorney's fees, Leedom Financial's in-house counsel specifically stated that Leedom Financial was not seeking reimbursement of attorney's fees for time in-house counsel spent on the case. Again in its brief to the district court on attorney's fees, Leedom Financial stated that "the Leedom entities are not seeking any remuneration for the significant amount of [in-house counsel's] time or travel costs spent in this action." We note that the district court erred in stating that Leedom Financial could not recover an enhanced attorney's fee award based on in-house counsel's time because Leedom Financial hired outside counsel.[5] However, Leedom Financial has not convinced us that it squarely presented the issue of in-house counsel fees to the district court.

---

[5] Texas law allows for recovery of in-house counsel's fees. *See Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.*, 754 S.W.2d 764, 766 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (holding that a successful claimant may recover attorney's fees for the legal services of in-house counsel); *see also Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 400 (5th Cir. 1989) (finding that the unambiguous and direct holding in *Tesoro* that a successful claimant may recover attorney's fees for in-house counsel represented the approach a Texas court would take in interpreting the attorneys' fees statute).

No. 10-20626

Finally, we grant Leedom Financial's request that we remand this case to the district court to determine its entitlement to appellate attorney's fees. Partners has not addressed this request, and we have granted similar requests in the past. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 433 (5th Cir. 2003) (remanding to allow the district court to determine whether to award appellate attorney's fees); *Penton v. Am. Bankers Ins. Co.,* 115 F. App'x 685, 687 (5th Cir. 2004) (unpublished) (same).[6]

## IV. Conclusion

We REVERSE the district court's determination that Leedom Financial could not recover fees for the thirty-day period following presentment, GRANT Leedom Financial's request to remand for findings regarding appellate attorneys' fees, and REMAND for further proceedings in accord with this opinion. In all other respects, the judgment of the district court is AFFIRMED.

---

[6] In *Penton*, the district court granted summary judgment to one party and contemporaneously granted that party's motion for attorney's fees under Chapter 38. 115 F. App'x at 686. The other party appealed the summary judgment order, and the winning party subsequently filed a motion for attorney's fees on appeal. *Id.* The district court denied the motion for attorney's fees for the appeal because such fees had not been incurred at the time. *Id.* This court remanded, but noted that the district court did not err by denying a motion for appellate attorney's fees before those fees had been incurred. *Id.* Because this court had affirmed the summary judgment order on appeal, the issue of appellate attorney's fees was ripe for adjudication in the district court. *Id.* at 687.